OPINION
On January 22, 1997, Steven L. Reed, together with his wife filed a complaint against a co-worker, appellee, Jack Strong, and others seeking compensatory and punitive damages for tortious conduct and emotional distress (Case No. CC97-0086). Said complaint arose from an incident wherein appellee pulled down Mr. Reed's pants exposing his buttocks while at work. On August 27, 1998, the trial court granted Mr. Reed partial summary judgment finding appellee was liable for the intentional tort of battery. On March 10, 1999, appellee's insurer, appellant, Nationwide Mutual Fire Insurance Company, filed a declaratory judgment action to determine its obligations to appellee (Case No. CH99-0187). On June 16, 1999, appellant filed a motion for summary judgment. Appellee filed same on September 30, 1999. On January 18, 2000, the trial court reconsidered its original finding of intentional tort and issued a decision finding that there exists genuine issues of material fact as to whether appellee committed a battery. The trial court went on to find that pursuant to a homeowner's insurance policy in effect at the time of the occurrence, appellant was obligated to defend and indemnify appellee in the lawsuit involving Mr. Reed. Appellant filed an appeal and this matter is now before this court for consideration. From appellant's nine claims of error, we glean the following assignment of error:
 I THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE AND ORDERING APPELLANT TO DEFEND AND INDEMNIFY APPELLEE IN THE UNDERLYING CASE.
 I
Appellant claims the trial court erred in granting summary judgment to appellee and finding appellant to be obligated to defend and indemnify appellee in the case involving Mr. Reed. We agree. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 448: Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Appellant presents several issues in support of its argument. Appellant claims appellee failed to plea consent and besides, the evidence would not have supported a consent defense. Appellant also claims the policy did not cover punitive damages or appellee's actions as his acts were intentional. In addition, appellant claims it is against public policy to insure intentional torts. Under our standard of de novo review, we will discuss these issues separately. COMPLAINT The trial court specifically found the underlying complaint (Case No. CC97-0086) contained a negligence cause of action at Count III, paragraphs 39-41:39. Defendants Thomas and Preston's conduct in grabbing Plaintiff and forcing Plaintiff over and into the maintenance golf cart was negligent conduct on their part.
40. Defendant Strong's conduct in participating in the physical contact and abuse of the Plaintiff on or about January 29, 1996, was negligent conduct on his part.
41. As a direct and proximate result of the negligence of the Defendants Thomas, Preston, and Strong, Plaintiff, S. Reed, suffered injuries to his face and head, chest, back, arms, fingers and legs along with serious emotional distress which injuries are permanent and progressive.
In his answer to appellant's declaratory judgment action, Mr. Reed averred to some intentional and negligent conduct at paragraphs 4 and 16:4. In answer to paragraph 6, Defendants ADMIT that some of Jack Strong's actions were intentional but DENY that all of his actions were intentional. The Defendants Complaint and Amended Complaint state causes of actions against Jack Strong that included negligent conduct. 16. In answer to paragraph 23, Defendants ADMIT that some of the alleged actions of Jack Strong were not accidental, however, Defendants DENY that all of the actions of Jack Strong were not accidental and their Complaint against him, along with the Amended Complaint, allege negligent conduct on behalf of Jack Strong.
In his amended answer to the underlying complaint, appellee asserted the affirmative defenses of comparative negligence and injury by fellow servant. Clearly the trial court was correct in finding the underlying case included claims of negligent and intentional torts. POLICY The policy included coverage for damages arising from personal liability [Section II, Coverage E], but excluded from coverage damages which are expected or intended by the insured [Section II, Exclusion (1)(a)] and bodily injury covered by workers' compensation [Section II, Exclusion (2)(d)]. Technically, given the nature of the pleadings in the underlying case, appellee is covered for his negligent acts but is not covered for his intentional acts or injuries covered under workers' compensation. UNDISPUTED FACTS The undisputed facts are that on January 25, 1996, appellee and others, while in the lunch room at work, lifted Mr. Reed, carried him ten feet from the lunch area and placed his feet on the ground. Strong depo. at 52-53, 56. Appellee then pulled down Mr. Reed's pants exposing his buttocks. Id. at 21, 28, 56, 59, 84. What remains in dispute is the intent to injure or the negligent causing of injury. Appellant argues the acts by their very nature were intentional and what appellee meant to accomplish is irrelevant. Appellee claims the acts were part of a continual atmosphere of horseplay (albeit sophomoric) at work, all parties including Mr. Reed were willing participants in the horseplay and Mr. Reed contributed to his own injury. GOVERNING LAW In Preferred Mutual Insurance Company v. Thompson, et al. (1986), 23 Ohio St.3d 78, the Supreme Court of Ohio examined a self-defense defense and held the following at 81 and fn. 2, respectively: From the standpoint of an insurance company, an `expected or intended injury' exclusion prevents individuals from purchasing insurance as a shield for their anticipated intentional misconduct. Without such an exclusion, an insurance company's risk would be incalculable. An act of self-defense, however, is neither anticipated nor wrongful from the standpoint of the insured. The risk that an insurance company bears in providing an intentional tort defense for an insured who claims to have acted in self-defense is calculable and, from a monetary standpoint, minimal. {Fn. 2} (Emphasis sic.)
{Fn. 2} An insurance company incurs only the cost of its defense because, if the insured's defense fails (i.e., if he did not act in self-defense but did, in fact, commit an intentional tort), the `expected or intended' injury exclusion properly will preclude indemnification for any verdict rendered against the insured as a result of his intentionally tortious conduct. (Emphasis sic.)
In Physicians Ins. Co. Of Ohio v. Swanson (1991), 58 Ohio St.3d 189, syllabus, the Supreme Court of Ohio held "[i]n order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended." The court went on to explain the following at 193: * * * in order for an exclusion of this nature to apply, an insurer must demonstrate not only that the insured intended the act, but also that he intended to cause harm or injury. The rationale for this rule of law is twofold. First, the plain language of the policy is in terms of an intentional or expected injury, not an intentional or expected act. Were we to allow the argument that only an intentional act is required, we would in effect be rewriting the policy. Second, as the courts above have noted, many injuries result from intentional acts, although the injuries themselves are wholly unintentional. See State Farm Mut. Ins. Co. v. Worthington, supra, and Farmers Ins. Group v. Sessions, supra. (Emphasis sic.) In Gearing v. Nationwide Ins. Co. (1996), 76 Ohio St.3d 34, the Supreme Court of Ohio espoused a public policy position at paragraphs one and two of the syllabus, but distinguished the result from Swanson as follows: Our finding of liability coverage in Swanson was in the context of facts where the intentional shooting of a gun did not necessarily equate to resulting injury. Even though all evidence pointed to the conclusion that Swanson meant to shoot the gun, his act of shooting the gun at a distance seventy to one hundred feet away from the ultimate victim could not be said to necessarily result in personal injury, particularly in light of his testimony that he was aiming elsewhere. Swanson's testimony to the effect that he never intended or expected for anyone to be harmed was not necessarily logically inconsistent with the facts surrounding the shooting. Indeed, in Swanson we approved of the premise that "`resulting injury which ensues from the volitional act of an insured is still an `accident' within the meaning of an insurance policy if the insured does not specifically intend to cause the resulting harm or is not substantially certain that such harm will occur.'" (Emphasis added.) Swanson, 58 Ohio St.3d at 193,569 N.E.2d at 910, quoting Quincy Mut. Fire Ins. Co. v. Abernathy (1984), 393 Mass. 81, 84, 469 N.E.2d 797, 799. Based upon the reasoning in the trilogy of cases cited supra, we find a defense of lack of intent has been raised by appellee's amended answer to the underlying complaint and a question of fact remains as to whether appellee's actions resulted in an intentional injury. Upon review, we find the granting of summary judgment was in error. The matter is reversed and remanded to the trial court to determine at trial the issue of intentional injury. The assignment of error is granted. The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby reversed and remanded.